UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ZOLOFT (SERTRALINE HYDROCHLORIDE)
PRODUCTS LIABILITY LITIGATION  MDL No. 2342

**TRANSFER ORDER**

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, defendant Pfizer, Inc. (Pfizer) moves for coordinated or consolidated pretrial proceedings of 57 actions pending in six districts as listed on Schedule A.[1] Pfizer seeks centralization in the Southern District of New York or, in the alternative, the Northern District of Mississippi, the Southern District of Mississippi, or the Northern District of Ohio. Since the filing of the motion, the parties have notified the Panel of more than 35 related actions pending in various federal districts.[2]

Defendant Greenstone, LLC, supports the motion. Plaintiffs in more than 45 actions, most of which have been removed to the Eastern District of Pennsylvania, oppose centralization. In the alternative, these plaintiffs suggest (1) the exclusion from centralized proceedings of the removed actions, in which motions for remand to state court or motions to dismiss are pending, (2) deferring transfer of those actions pending rulings on those motions, or (3) centralization in either the Eastern District of Pennsylvania or the Southern District of Illinois. The remaining responding plaintiffs support centralization, but advance various transferee districts, including the Southern District of Illinois, the Eastern District of Louisiana, the Southern District of New York, the Northern District of Ohio, or the Eastern District of Pennsylvania. Additionally, *amicus curiae* Michael A. London opposes centralization or, in the alternative, suggests centralization in the Southern District of Illinois or the Eastern District of New York.

These actions involve allegations that Zoloft, a prescription medication approved for the treatment of depression and other ailments, causes birth defects in children when their mothers ingest the drug while pregnant. In opposing centralization, plaintiffs in several actions argue, *inter alia*, that (1) Pfizer has created the appearance of the need for an MDL by improperly removing more than 40 actions included in the Section 1407 motion; and (2) the removed actions should not be included in

---

[*] Judge John G. Heyburn II and Judge Marjorie O. Rendell did not participate in the disposition of this matter.

[1] An additional two actions were pending in the Southern District of Illinois, but the actions have since been remanded to state court.

[2] These actions will be treated as potential tag-along actions in accordance with Panel Rules 7.1 and 7.2.

-2-

centralized proceedings because they will involve unique jurisdictional issues. We respectfully disagree with these arguments. Almost 40 actions are now pending that were filed directly in federal court and it appears likely that additional actions will be filed in the future. Furthermore, the Panel has long held that jurisdictional objections do not overcome the efficiencies that can be realized by centralized proceedings. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). The Panel also has held that centralization "does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization," *In re Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010); nor does it "require a complete identity of parties." *In re Navistar 6.0 L Diesel Engine Prods. Liab. Litig.*, 777 F. Supp. 2d 1347, 1348 (J.P.M.L. 2011).

Mr. London further argues, *inter alia*, that (1) centralization is not necessary, as this litigation will involve hundreds of claims, as opposed to thousands of claims; and (2) these actions do not share sufficient common questions of fact, as the injuries alleged and factors affecting causation vary considerably. We appreciate these arguments, but do not agree that these circumstances make centralization unnecessary or unwarranted. Centralized proceedings have helped to efficiently resolve dockets involving far fewer than "thousands" of claims, even in cases involving drug-related products liability claims. *See, e.g., In re Vytorin/Zetia Mktg., Sales Practices & Prods. Liab. Litig.*, 543 F. Supp. 2d 1378 (J.P.M.L. 2008); *In re Viagra Prods. Liab. Litig.*, 414 F. Supp. 2d 1357 (J.P.M.L. 2006). Moreover, while the specific birth defects alleged vary somewhat among the plaintiffs, all actions will share discovery relating to general medical causation; factual discovery will overlap concerning Pfizer's research, testing, and warnings; and expert discovery and *Daubert* motions will overlap to some degree. Indeed, we have found that products liability cases often present some individual factual issues, but that coordination of discovery across all actions, with the use of common and individual discovery tracks, can offer efficiencies to all parties. *See In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 780 F. Supp. 2d 1379, 1381 (J.P.M.L. 2011).

On the basis of the papers filed and the hearing session held, we find that these 57 actions involve common questions of fact, and that centralization in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that Zoloft causes birth defects in children whose mothers ingest the drug while pregnant. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We are presented with several attractive choices for transferee district, but we are persuaded that the Eastern District of Pennsylvania is an appropriate transferee district for this litigation. More than half of the related actions are pending there, including the first-filed action. Centralization in that district would allow the transferee court to swiftly address the many similar pending motions for remand to state court and, if the actions are ultimately remanded, would allow for easy coordination with the actions pending in Pennsylvania state court. Judge Cynthia M. Rufe is an experienced transferee judge with the willingness and ability to handle this litigation.

-3-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for coordinated or consolidated pretrial proceedings in that district.

                            PANEL ON MULTIDISTRICT LITIGATION

                            _____
                            Kathryn H. Vratil
                            Acting Chairman

W. Royal Furgeson, Jr.      Barbara S. Jones
Paul J. Barbadoro           Charles R. Breyer

IN RE: ZOLOFT (SERTRALINE HYDROCHLORIDE)
PRODUCTS LIABILITY LITIGATION                MDL No. 2342

## SCHEDULE A

<u>Northern District of Mississippi</u>

Christine Hopkins v. Pfizer, Inc., C.A. No. 1:11-00122

<u>Southern District of Mississippi</u>

Vicky Mallory v. Pfizer, Inc., C.A. No. 4:11-00120

<u>Eastern District of Missouri</u>

Tony Gregory v. Pfizer, Inc., C.A. No. 4:12-00024

<u>Southern District of New York</u>

Melissa J. Hagan, et al. v. Pfizer, Inc., C.A. No. 1:11-07583
Melonie R. Anderson v. Pfizer, Inc., C.A. No. 1:11-07584
Cheri D. Lewis, et al. v. Pfizer, Inc., C.A. No. 1:11-07585
Amanda Brooks Pierce Phelps v. Pfizer, Inc., C.A. No. 1:11-07586
Paula Peska, et al. v. Pfizer, Inc., C.A. No. 1:11-07599

<u>Northern District of Ohio</u>

Susan Hodge, et al. v. Pfizer, Inc., C.A. No. 1:11-02429

<u>Eastern District of Pennsylvania</u>

Shannon Long v. Pfizer, Inc., et al., C.A. No. 2:11-03198
Donna Amadio v. Pfizer, Inc., C.A. No. 2:11-03973
Veronica Martinez v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:11-07427
William Blaze Armstrong, et al. v. Wolters Kluwer Health, Inc., et al.,
    C.A. No. 2:12-00210
Ryan J. Bailey, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00211
Coley Raye Baker, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00212
Brandon Barnes, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00213
Glen Mitchell, III, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00214
Tavares Byrd, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00215
Sten Arthur Christianson, et al. v. Wolters Kluwer Health, Inc., et al.,
    C.A. No. 2:12-00216

-2-

**MDL No. 2324 Schedule A (Continued)**

Eastern District of Pennsylvania (Continued)

Chloe King, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00217
Lee Frank, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00218
Quincy Jones, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00219
Luke Johnson, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00220
Teagan Johnson, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00221
Jazmyn Knight, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00222
Kahlen Compton, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00223
Roseleah Lorenze, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00224
Jacob Dzubin, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00225
Riley Emlen, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00226
Nicholas Fitzpatrick, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00227
Travis Forrer, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00228
Sharon Gordon, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00229
Christian Hanks, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00230
Melchizedek Abaroji, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00231
Joe Hayes, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00232
Nicole Hays, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00233
Laila Mapp, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00235
Michael Martinez, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00236
Jonathan May, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00237
Zevory Wright, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00238
Payton Moore, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00239
Ric Parsley, III, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00240
Josie Potts, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00241
Nicolas Tellier, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00242
Paulo Castillo, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00243
Shyra Julien, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00244
Lara Richburg-Rodriguez, et al. v. Wolters Kluwer Health, Inc., et al.,
    C.A. No. 2:12-00245
Delaney Rosenkranz, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00246
Trenton V. Casl, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00247
Nathan Rowan, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00248
Abdule Booker, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00249
Bladden Allen Smith, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00250
Lillianna Ybarra, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00251
Matthew Young, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00252

-3-

**MDL No. 2324 Schedule A (Continued)**

<u>Eastern District of Pennsylvania (Continued)</u>

Jayden Kiah, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00253
Cooper Smith, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00254
Tivontae Gully, et al. v. Wolters Kluwer Health, Inc., et al., C.A. No. 2:12-00255