IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ZOLOFT (SERTRALINE HYDROCHLORIDE) PRODUCTS LIABILITY LITIGATION | : MDL NO. 2342<br>: 12-MD-2342<br>:<br>: HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | :<br>:<br>:<br>: |

**ORDER RECOMMENDING CLOSING OF MULTIDISTRICT LITIGATION**

The purpose of this Order is to report to the Judicial Panel on Multidistrict Litigation ("JPML") the closing of all cases within MDL No. 2342, "In re: Zoloft (Sertraline Hydrochloride) Products Liability Litigation."

By Order filed April 17, 2012, the JPML transferred to this Court, for coordinated or consolidated pretrial proceedings, cases alleging that Zoloft (sertraline hydrochloride), "a prescription medication approved for the treatment of depression and other ailments, causes birth defects in children when their mothers ingest the drug while pregnant."[1] The parties agreed to a schedule to conduct substantial discovery in preparation for the evaluation of expert testimony as to general causation. In 2014, the Plaintiffs' Steering Committee ("PSC") offered, through extensive *Daubert* proceedings, the testimony of four expert witnesses in an effort to establish that Zoloft, when used at therapeutic dose levels during human pregnancy, is a teratogen capable of causing a range of birth defects. Plaintiffs primarily relied upon Dr. Anick Bérard, an epidemiologist. By opinion and order dated June 27, 2014, this Court found that Dr. Bérard had failed to base her opinion upon scientifically valid methodology and reasoning such that it could not be considered by

---

[1] Doc. No. 1 at 1.

a jury.[2] The opinions of the PSC's three other general causation witnesses, Dr. Robert Cabrera (a teratologist), Dr. Michael Levin (a molecular developmental biologist), and Dr. Thomas Sadler (an embryologist), were excluded in part by opinion and order dated August 12, 2014, which held that these experts could not testify that Zoloft caused birth defects in humans but could testify as to the limited question of the existence of plausible biological mechanisms by which altered concentrations of serotonin in a developing embryo could cause birth defects.[3] After these rulings, numerous cases alleging injuries other than cardiac defects were dismissed without prejudice by agreement of the parties.

On January 7, 2015, this Court granted a motion by the PSC for leave to introduce Nicholas Jewell, Ph.D., a biostatistics professor, as an additional expert witness on general causation with regard to cardiac defects.[4] After a second *Daubert* hearing, Dr. Jewell's report and testimony were excluded by opinion and order dated December 2, 2015.[5] Defendants then moved for summary judgment, which was granted by opinion and order dated April 5, 2016, because Plaintiffs could not establish a jury question as to general causation.[6] On June 2, 2017, the Court of Appeals for the Third Circuit affirmed the grant of summary judgment.[7]

---

[2] *In re: Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, 26 F. Supp. 3d 449 (E.D. Pa. 2014). The PSC filed a motion for partial reconsideration of this ruling, which was denied. *In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, No. 12-md-2342, 2015 WL 314159 (E.D. Pa. Jan. 23, 2015).

[3] *In re: Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, 26 F. Supp. 3d 466, 473 (E.D. Pa. 2014).

[4] *In re: Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, No. 12-md-2342, 2015 WL 115486 (E.D. Pa. Jan. 7, 2015).

[5] *In re: Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, No. 12-md-2342, 2015 WL 7776911 (E.D. Pa. Dec. 2, 2015).

[6] *In re: Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, 176 F. Supp. 3d 483 (E.D. Pa. 2016), *aff'd* 858 F.3d 787 (3d Cir. 2017).

[7] *In re: Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, 858 F.3d 787 (3d Cir. 2017).

The path that led to summary judgment had been fully laid out in status conferences, pretrial orders, and the Court's rulings. Counsel for all plaintiffs were aware of these developments, and no individual plaintiffs sought leave to introduce any additional experts on general causation. Throughout the course of the MDL, approximately 400 cases (some cases included multiple plaintiff families) were closed through voluntary dismissal or remand. Summary judgment was entered in 270 cases, involving approximately 312 plaintiff families. After the ruling by the Third Circuit, a few cases remained that either asserted claims against manufacturers of other antidepressants or were newly filed or removed and not included in the summary judgment motion. All of the remaining claims now have been dismissed without prejudice. No cases remain in the MDL and there is no expectation that additional cases will be filed or transferred into the MDL.

**AND NOW,** this 27th day of December 2017, this Court recommends to the Judicial Panel on Multidistrict Litigation that the litigation known as "In Re: Zoloft (Sertraline Hydrochloride) Products Liability Litigation," MDL No. 2342, be closed. The Clerk of Court for the Eastern District of Pennsylvania is directed to transmit this Order to the Panel. Should the Panel accept this Court's recommendation, the Clerk of the Eastern District of Pennsylvania shall close MDL No. 12-md-2342 administratively.

It is so **ORDERED**.

BY THE COURT:

CYNTHIA M. RUFE, J.